UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-02342-JGB-JC | Date | February 14, 2022 |
|---|---|---|---|

| Title | Ramon Murillo, also known as Mona Murillo v. D. Godfrey, et al. |
|---|---|

| Present: The Honorable | Jacqueline Chooljian, United States Magistrate Judge | |
|---|---|---|
| Holidae Crawford for Kerri Hays | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| none present | none present |

**Proceedings:** (IN CHAMBERS)  **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED AS AGAINST CHIEF MEDICAL EXECUTIVE SUSAN MORRIS**

On September 30, 2018, plaintiff Ramon Murillo, also known as Mona Murillo, who is in custody, is proceeding *pro se*, and has been granted leave to proceed without prepayment of the filing fee ("IFP"), signed and is deemed to have constructively filed a Second Amended Complaint (or "SAC"). (Docket No. 37).[1] Plaintiff thereafter filed an Addendum to the Second Amended Complaint. (Docket No. 40). The Second Amended Complaint has two captions which, in total, list sixteen (16) defendants, three of whom the Court dismissed without prejudice at plaintiff's request on December 13, 2021.[2] (SAC at 1-2, 11).

---

[1] The Second Amended Complaint is accompanied by a proof of service which reflects that it was provided to prison authorities for mailing on September 30, 2021. (Docket No. 37). It was received by the Clerk on October 6, 2021 and was formally filed on such date. (Docket No. 37). Because the pages of the Second Amended Complaint are not sequentially numbered, the Court herein uses the numbering from the electronically filed version of the Second Amended Complaint on the Court's official Case Management/Electronic Case Filing system.

[2] The first caption does not include Correctional Officer B. Campbell, and identifies the following fifteen (15) defendants, three of whom (in bold-face print), the Court dismissed at plaintiff's request: (1) Correctional Sergeant ("Sgt.") D. Godfrey; (2) Sgt. Davis; (3) Correctional Officer (C/O) Corral; (4) C/O Ramirez, (5) **C/O D. Steven**; (6) C/O N. Romero; (7) C/O J. Curiel; (8) C/O Winfield or Windfield; (9) C/O A. Milliken; (10) Appeals Coordinator K. Estrada; (11) Correctional Lieutenant ("Lt.") M. Allen; (12) Lt. Verla, also known as Valenero; (13) **Medical Doctor Jeffrey Carrich**; (14) Chief Medical Executive Susan Morris; and (15) **the California Correctional Health Care Services**. (SAC at 1-2). (Docket Nos. 32, 36, 37, 41). The second caption includes Correctional Officer B. Campbell and all of the other foregoing defendants *except* Chief Medical Executive Susan Morris. (SAC at 11).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-02342-JGB-JC | Date | February 14, 2022 |
|---|---|---|---|
| Title | Ramon Murillo, also known as Mona Murillo v. D. Godfrey, et al. | | |

Notwithstanding the foregoing, a discrepancy remains with respect to one such named defendant Chief Medical Executive Susan Morris. Although defendant Morris appears in the first caption of the Second Amended Complaint (Comp. at 2), she does not appear in the second caption (Comp. at 11) and otherwise is not mentioned in the body of the Second Amended Complaint. That is, her name appears solely in the first caption. (Comp. at 2). To the extent plaintiff intends to sue Morris, then the Second Amended Complaint violates Rule 8 of the Federal Rules of Civil Procedure by failing to give Morris fair notice of the claims and allegations against her. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 & n.3 (2007) (Rule 8, at a minimum, requires a complaint to allege enough specific facts to provide both "fair notice" of the particular claim being asserted and "the grounds upon which [that claim] rests") (citation and quotation marks omitted). Plaintiff has previously been advised of the requirements of Rule 8. (See Docket Nos. 17, 29).

**IT IS THEREFORE ORDERED that by not later than March 7, 2022, plaintiff shall show good cause in writing, if any exists, why this action should not be dismissed as against Chief Medical Executive Susan Morris.**

If plaintiff does *not* intend to pursue this action as against Chief Medical Executive Susan Morris, plaintiff may instead sign and file the attached Notice of Dismissal by the foregoing deadline which will result in the voluntary dismissal of this action as against Morris without prejudice pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure. The filing of such a Notice of Dismissal by the foregoing date will constitute an adequate response to this Order to Show Cause.

Alternatively, if plaintiff *does* intend to pursue this action as against Chief Medical Executive Susan Morris, plaintiff may instead file a Third Amended Complaint that corrects the deficiencies stated above by the foregoing deadline.[3] The filing of such a Third Amended Complaint by the foregoing deadline will constitute an adequate response to this Order to Show Cause.

---

[3]The Clerk is directed to provide plaintiff with a Central District of California Civil Rights Complaint Form, CV-66, to facilitate plaintiff's filing of a Third Amended Complaint if plaintiff elects to proceed in that fashion. Any Third Amended Complaint must: (a) be labeled "Third Amended Complaint"; (b) be complete in and of itself and not refer in any manner to prior complaints in this action — i.e., it must be a single self-contained document which includes all claims on which plaintiff seeks to proceed (Local Rule 15-2); (c) contain a "short and plain" statement of each of the claim(s) for relief (Fed. R. Civ. P. 8(a)); (d) make each allegation "simple, concise and direct" (Fed. R. Civ. P. 8(d)(1)); (e) set forth clearly the sequence of events giving rise to the claim(s) for relief in sequentially "numbered paragraphs, each limited as far as practicable to a single set of circumstances" (Fed. R. Civ. P. 10(b)); (f) allege specifically what each defendant did and how that individual's conduct specifically violated plaintiff's civil rights; (g) state the names of all defendants in the caption and not include in the body of the Third Amended Complaint claims against anyone who is included in the caption (Fed. R. Civ. P. 10(a)); and (h) not add defendants or claims that are not reasonably related to the claims asserted in prior complaints in this action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-02342-JGB-JC | Date | February 14, 2022 |
|---|---|---|---|
| Title | Ramon Murillo, also known as Mona Murillo v. D. Godfrey, et al. | | |

**Plaintiff is cautioned that, absent further order of the Court, plaintiff's failure timely and properly to respond to this Order to Show Cause may result in the dismissal of Chief Medical Executive Susan Morris from this action with or without prejudice and/or may result in the dismissal of this action with or without prejudice based on plaintiff's failure diligently to prosecute, and/or plaintiff's failure to comply with the Court's Order.**

IT IS SO ORDERED.[4]

---

[4]This Order to Show Cause constitutes a non-dispositive ruling on a pretrial matter. To the extent a party disagrees with this Order to Show Cause, such party may file a motion for review by the assigned District Judge within fourteen (14) days. See Local Rule 72-2.1. To the extent a party believes the Order to Show Cause to be dispositive, rather than non-dispositive, such party has the right to object to this Court's determination that this Order to Show Cause is non-dispositive within fourteen (14) days. A party will be foreclosed from challenging the Order to Show Cause if such party does not seek review thereof, or object thereto.